at the Department of Veteran Affairs at number 077298. Mr. Carpenter, when you're ready. May it please the court, Kenneth Carpenter appearing on behalf of Ms. Dicarlo. Ms. Dicarlo appeals a decision on her application before the United States Court of Appeals for under the Equal Access to Justice Act. The question before the court deals with the nature of the disposition below and whether or not that disposition below made Ms. Dicarlo a prevailing party. The court below vacated the decision that Ms. Dicarlo appealed, which was adverse to her, and as a result of that, the court dismissed the appeal rather than issuing a remand for further administrative proceedings. Do you know, I mean this is sort of off the text, but you know this area very well, so I'll just ask you. Do you know if there's any legislation being considered on this issue of attorney's fees? Because I have the feeling that the attorney's fees issues in these veterans cases have gotten so complicated that it is difficult to sort through all the various rules and sub rules and exceptions to the rules and the exceptions to the exceptions. So that it struck me, I was just curious if this is something that someone has sought to get a legislative fix on. I'm aware only to the extent that there has been some bills introduced, I believe in the last session of Congress. I don't think there's anything currently pending that would address the removal of the substantial justification requirement and leave us only with the prevailing this question. But as far as I know, that bill didn't ever see the proverbial light of day. I see, but the prevailing, I mean the problem in many of these cases is what constitutes prevailing. That's correct, that's the issue in this case and it really amounts to, in our view, whether or not the court below was correct in focusing on its lack of remand and this court's case in Motorola, which we believe simply are not instructive or applicable in this case because the court elected not to remedy the matter by remand. Instead, we believe that the controlling disposition of this case is the Supreme Court's in Texas teachers. And the question there is whether or not Ms. DeCarlo did or did not obtain some relief in her appeal. We believe she did because she got relief from the finality of that board decision and whether she did or did not alter the legal relationship of the parties. She did alter the legal relationship of the parties because as a result of the decision below, as the court below noted in its both of its decisions, the EJU decision as well as the merits decision, that Mrs. DeCarlo is now free to go back and file a request for revision in the 1983 decision. So let me ask you, I'm a little confused by this whole, you know, just what happened here when, but if she hadn't appealed the board decision, the 2002 board decision to the CABC, would she have been prohibited from challenging the 1983 decision? That's correct, Your Honor. She would not have, she would have been prohibited? She would have been prohibited. How? Because the 19, because the, even though the court below found that the 1983 decision subsumed the 1973 decision. The court below beating the board? No, the veterans court. Oh, okay. And that therefore, Mrs. DeCarlo had no right to appeal the 1973 decision. The fact was is that that became a final decision, the, I believe it's 2002 board decision, which was the decision appealed by Ms. DeCarlo, then became controlling over the question of effective date. And that's the matter that is ultimately at issue. The effective date of the award of her disability compensation for her psychiatric disability. So as a consequence, had she not appealed, then she would have been barred because the 2002 decision would have been the final decision by the board on that question. Once that decision was vacated, as the veterans court acknowledged, she is now free to go back and request revision for the 1983 board decision by a direct motion for revision. Tell me once again, and it's me and not you, but why, what the board's decision in 2002 would have precluded her from going back on a CUE on the 83? Because it would have been a final decision by the board on the question of the effective date. And that final decision would, the 2002 decision potentially would have been subject to revision. But the 1983 decision would not be because the 1983 decision would therefore have been subsumed by the 2002 decision. What would be the practical impact of that? In other words, suppose that the CAVC had simply said affirmed with respect to the 2002. Would you then, what recourse would you have at that point? Carla would have no further recourse other than appeal to this court. No, because she would have taken a direct appeal of the 2002 decision, and therefore that 2002 decision under VA regulations would have been subject to judicial review. OK, but if then, all right, that is what would have happened had she. Had it been affirmed. Had it been affirmed. Now, suppose she hadn't appealed at all from the 2002. Could she then have gone back and argued CUE? In the 2002 decision. Right. But not with respect to the 1983 decision. Now, what practical difference would that make in the way that, I mean, what's the practical difference between arguing CUE with respect to the 1983 and CUE with respect to the 2002? Well, you obviously have to demonstrate that there was a clear and unmistakable error in the determination made in the 2002 decision. And the 2002 decision was reviewing whether the 1973 decision was or wasn't final. And the error in this case, and in fact. And the 1983 was doing what? And the 1983 decision had decided a direct appeal of the question of effective date of grant of service connection for her. So really, the difference I take it is that attacking the 2002, assuming she hadn't appealed, attacking the 2002 would limit her to arguing about finality or not as a CUE matter. Whereas attacking the 1983 entitles her to argue not about finality, but about the merits of the effective date under CUE. That would be correct. Whether they correctly decided the effective date based upon the law and the evidence extant before the court in 1983. Which is the issue you really want to get to. You don't want to have to worry about dealing with a finality issue. Well, frankly, I can say to this court in absolute candor, this case is so complicated, I'm not exactly sure how you would go about framing it. It's going to be a very difficult task. But as this court instructed in Kelly, when we're dealing with the question of prevailing party, whether there will or won't be likelihood of success on remand, or in this case on a new request for revision, isn't the issue. The question is, did she or didn't she prevail? Right, I know, but in order to decide whether she prevailed, for me at least, it's important to know what the landscape is after her appeal versus what it would have been had she not appealed. In other words, if she's no better off now than she would have been had she never appealed, then it's hard to say that she's prevailed in any material way. But you're telling me, I think, that the reason she's better off is because now she can go after the question of the effective date as opposed to simply having to argue about finality. That's correct. That's correct, Your Honor. And the inherent contradiction in this record was that the RO actually got it correct when her non-attorney representative tried to attack the 1973 decision. They said, we don't have jurisdiction. This matter has already been decided by the 1983 board decision. It's subsumed. It was the board that set it back and said, no, you're wrong. The 1973 decision was not final, which forced her down this path. And frankly, because she didn't have skilled counsel, she was forced to go through that in order to challenge the finality of the 1973 decision. And ultimately, the court said, all of that was for naught. And the ultimate answer to your question is- At any of this time, she could have challenged the CQ of the 83 decision, right? Well, in theory, yes. But the problem with doing that is that that's contradictory to the request for revision of the 1973 decision. If she requests revision of the 1983 board decision, she is conceding that the 1973 decision is subsumed. So that is mutually contradictive to the claim or request for revision of what was a final, non-subsumed regional office decision. But she could attempt to win on one or the other of those two grounds, I suppose. I mean, the fact that they're inconsistent doesn't mean she's not entitled to try to knock on both doors. Well, that's correct, your honor. The only difference is that she does one at the regional office level, and she does one directly at the board. And so they would be literally on two entirely different procedural tracks, one that would be immediately disposed of by the board in regards to the 1983 decision, one that would have to be perfected for appeal on the 1973 regional office decision. And unfortunately, I think this case demonstrates the nightmare for, in this case, a psychiatrically disabled veteran who's trying to navigate, trying to correct what is essentially the difference, in this case, between a denial in 1973 and an ultimate award in 1979 that gave an effective date in 1978. So we're talking about the difference of five years here on events that happened more than 30 years ago. And so it becomes extremely difficult in trying to figure out how to plead these cases in order to go down the correct path and then have the board tell the RO that the RO was wrong, and that then forces Mrs. DeCarlo to complete that appeal. And she ends up in court, and the court then dismisses her appeal. Part of the additional argument that we make in the alternative here, if you do not accept that she got relief under Texas teachers, is the fact that dismissal was the wrong disposition and that remand was the correct decision in order to vacate that decision in order to allow her to expressly have the benefit that was mentioned parenthetically in the VA's decision. I see that I'm way into my rebuttal time, and I'd like to reserve the balance. Very well. Thank you very much. Mr. Chadwick. May it please the court. The substantive relief that Mrs. DeCarlo was seeking, as has been discussed, is an earlier effective date. She has an effective date as of now of 1977. The board in 1983 corrected the earlier decision that had made it 78, moved it to 77. She wants to move it back to 1973, when she had originally filed the claim. In the merits appeal here, the underlying merits appeal here to the Veterans Court, that Mrs. DeCarlo didn't get any of the relief she sought. The court didn't reach the issues that she had raised. And she didn't move any closer in any way other than a different procedural path, arguably. Well, that's the $64 question, of course, is whether she is closer than she was the day before she filed her notice of appeal to the Veterans Court. And you've heard Mr. Carpenter's explanation of why she's closer. Now, could you tell us why you think she's not? She's not closer because she always had the opportunity to assert that there was clear and unmistakable error in any of these decisions. And she could have, as Mr. Carpenter said, argued in the alternative, that there was finding an effective date of 1977. Except, not always, with the exception of from the time the board ruled on the case. My understanding of what Mr. Carpenter was explaining was that at that point in time, the board decision would have precluded her from a queue claim on the 83. Well, see, not if we're just talking about the day before she filed her appeal. Well, her appeal to the CAVC. It is true. It is potentially true that had the Veterans Court reached the merits of this appeal, there could have been a preclusive effect of the later board decision. But the later board decision. The 2002 board decision. Yes, the 2002. Let's remember what was raised in that 2002 board decision. The 2002 decision at the board level was a claim of clear and unmistakable error in the 1973 claim decision. Not clear and unmistakable error with respect to the effective date found later. That was what Ms. DiCarlo had raised at the board. Clear and unmistakable error in the 73 decision at the denial. The board said no, there was not clear and unmistakable error. On appeal, the arguments were changed. And the Veterans Court mentioned that. On appeal, as we see from page 76 of the appendix, the issues that then Ms. DiCarlo's counsel raised on appeal were whether the 73 decision, not whether there was CUE, but whether it is non-final for failure to comply with the notice regulations, either the regulation or the Veterans Claims Act requirements as to the finality issue. So then she was claiming finality. Now, finality with respect to which of the many? The original. The original 73. Denying her original claim in 1973. She's now saying rather than that was clear. Which was ruled on in 83. Yes. But let's leave aside the change in arguments. We have the board decision. If she had not appealed the board decision, then that would have become final, right? It would have become final, that's right. Would that have precluded her from then going and challenging the 83 decision on CUE? No, she would have had to at the same time say, and there was also clear and unmistakable error in the 2002 decision. Well, at the same time when? What are we saying? Not only was the 1980. Before she went to the Veterans Court, this time on the merits, she had two decisions of the board, in effect, finding that the 1973 decision was final and that there was no clear and unmistakable error. She could have, in effect, she would have had to claim that as the finality issue, if that's what she was going to challenge, which was what her argument was on the merits here. She would have just said there was clear and unmistakable error in both. But the argument would have been the same argument with respect to both, I take it. Yes. In other words, she wouldn't have had to prove more than she would have without the 2002. Well, we don't know it. Yes. But I mean, it's hard to imagine what the evidence would have been. But whatever the evidence would have been, a clear and unmistakable error, we'd have to say it was in the 83 decision and in the 02 decision. Right. The result of the veterans courts vacating, and perhaps the intent, was to just leave the 83 decision as the finality on the books. That would be the one that would have to be challenged as a CUE. But it's not that she could not have challenged the 83 decision if the 2002 decision was still on the books. She would just have to have challenged both. So what? Go ahead. I'm sorry. Well, why isn't that a change in the legal relationship between the parties? Well, it's not a change that gets, it's simply, it's like the hand or hand be handed. It's a chance, it gives her a chance to bring a claim procedurally again. She is, or at least in a way that she may prefer. But it doesn't get her any closer to having an earlier effective date. Well, but then she had two burdens still to come though. Because she has to prove, one, that the board decision was wrong and the 83 decision was wrong. She had two decisions on the same issue. It would have been the same, I agree, my answer to the question is that it would have been the same burden in effect. Whatever the clear and unmistakable error would have been. You'd have to say it was in the 83 decision and the 02 decision. So yes, there would have been two. Now she has one. That may be a preferable result. Any litigant would probably prefer to challenge one rather than two. But it's still, nothing changed about it. Final board decisions, finding that the 73 decision was final. There was no CUE in the 73 decision and that the effective date decision was final. But I think you've answered at least 95% of my question. But I still just want to make sure I understand your answer exactly. The rest, the other 5%. The fact that had she not appealed the 2002 board decision, she would have had to challenge 83 and 02 as opposed to simply 83 under CUE. Would, as I understand what you're saying, have made no difference whatsoever in the substance of her CUE case. It simply would have required her to say end 2002 as part of her pleading. Because what I'm looking for is, is there a delta here between where she was the day before she filed her notice of appeal and where she is now? Because if there's a delta in her favor, then she's gotten some advantage. If there's no meaningful delta here at all in her favor, then perhaps she hasn't. Well, just to return to the standard, the standard is a judgment or the equivalent of a judgment on the merits. Well, I understand. But we're sort of a long way down the road from the merits in the traditional sense in these cases. The answer is no. The answer is no. The answer is yes, one or the other. OK, I understand what you're saying. We're on this thing. Yes or no? To establish CUE in the 83 decision, she would have had to show something in the record in 1983 or in existence. If it was in existence in 1983, it would have been in existence in 2002. It's the same error, in effect, or whatever it is with respect to finality that would have to be shown. It is preferable in some way to have one decision on the books to challenge rather than two. But it is not. It doesn't move her any closer, remove any barriers or hurdles in any substantive way to getting the relief she wants, which is ultimately the earlier effective date. I would suggest that, of course, what the Veterans Court did is not reach the issues. Mr. Carlo asked the court to reach the issues of finality. The Veterans Court said the board should not have reached those. We're not reaching them. We're vacating the board's decision. So she did not get the relief she sought in the appeal either. For focusing on that appeal, the court did not reach the issue she raised or find any error, or find any error, that's right, except for the fact that the board had reached them originally. There's no substantive error on that. There was an argument that, well, first of all, and this is not a remand decision. The court did not remand. So we're not talking about the Vaughn or employees of Motorola issue as to what constitutes relief on a remand because this is not a remand decision. What the court did was vacate the board decision and end the appeal. Did not remand for any further proceedings. Now, there's been an argument suggested that, well, the court should have remanded. I don't know that that's even relevant. But even if it had, if it had remanded, the position that Mr. Carlo would be in would be the same as the claimant in this court's second Halpern decision, in which this court ruled that remanding with instructions to dismiss, it does not make the appellant the prevailing party. So it would be controlled by the second Halpern decision anyway, even if it's sort of considered a sort of constructive remand. So she did not get the substantive relief. She certainly in the appeal did not attain any of the relief that the appeal on its face was seeking. And if you consider it in the remand, it should be controlled by Halpern. There are no other questions. Thank you. Thank you, Mr. Chadwick. Mr. Carpenter. May it please the court, if I could try to set the context a little more clearly here. Under the law as it existed in 2002, Ms. DiCarlo, for compensation, could not have hired an attorney. She could only hire an attorney after there was a first final decision in the matter of the question of the finality of the 1973 decision after the board's decision in 2002. As a consequence, Ms. DiCarlo eventually did hire counsel for the matter at court. And he raised issues that the court chose not to get to because the court made a decision that the board had effectively misled Ms. DiCarlo by sending her request for revision in the 1973 matter back to the RO for a decision. It was the Board of Veterans' Appeals that forced a decision. They effectively misled Ms. DiCarlo that her remedy was not in any 1983 board decision. And with the benefit of 20-20 hindsight, the counsel for the government gets up here and well, clearly, she could have been able to plead these in the alternative. We only know that after the fact. We only know that as a result of the court's decision. When she finally got counsel, she got it counsel after there had been a final decision and after the matter was at court. When the matter was at court, regardless of what she pled, she did change it. The matter was at court. She pro se filed the Notice of Appeal? I'm pretty sure that's correct, Your Honor. That's my recollection. I think there's a copy of the docket sheet in the record. That's all right. I'll look at it. I've got it right here, Judge. Yes, it appears she filed pro se in March of 2003 and the fee agreement wasn't submitted until August of 2003. So essentially, the matter is set in terms of the legal relationship of the parties once the decision of the board was appealed to court. And then it's the appeal at court. It's that civil action at court that changed the legal relationship of the parties. What happened here was is that the court undid the finality of the 2002 board decision and clearly removed the extant bar as a result of that 2002 decision, which permitted her to proceed with the 1983 board decision. And I suggest to you that it is also distinguishable from the Halperin decision, because it is simply not a matter of instructing the board to dismiss, but instructing the board to inform Ms. DiCarlo that she does have the opportunity to request at any time revision of the 1983 decision in order to obtain the relief that she sought. And I think when we're dealing in the context of veterans' claims, particularly in this quagmire of revision of decisions, that we have to look at these far more sympathetically to understand that there is, as this court has required, specific pleading requirements to articulate clear and unmistakable error. And if you don't correctly articulate those, you haven't even raised a basis for revision. You need the assistance of counsel. She couldn't get the assistance of counsel until 2002. And then as she has gone through this long litany, she gets to court and gets a case that is successful on appeal, but results in an action that precludes her, under the compensation for those very attorney fees. Now, that seems to me to be entirely inconsistent with the Equal Access to Justice Act. Unless there's any further questions, Your Honors. Thank you very much. You're welcome. Thank you, Mr. Carpenter. Case is submitted. I guess we are adjourned.